UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUAN CARLOS CRUZ

       Petitioner,

   - against -

UNITED STATES OF AMERICA,

       Respondent.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

MEMORANDUM & ORDER
03-CV-6190 (NGG)

       Petitioner Juan Carlos Cruz ("Cruz") has filed this habeas appeal pursuant to 28 U.S.C. § 2255, seeking to overturn his 2002 convictions for possession of cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a). Cruz now contends that he was subjected to an illegal sentencing enhancement, and that the DEA search that led to his arrest and convictions violated his Fourth Amendment rights. These claims are procedurally barred because Cruz did not present his claims on direct appeal to the United States Court of Appeals for the Second Circuit. Cruz's petition therefore must be dismissed on this basis. Further, this court would be barred in any event from considering Cruz's Fourth Amendment claims because Cruz entered an unconditional guilty plea in which he waived his right to appeal his conviction. Finally, the claims presented in Cruz's petition are wholly without merit.

       First, Cruz's failure to raise any of his present claims on direct appeal to the Second Circuit, standing alone, requires this court to dismiss this petition. A habeas petitioner seeking relief from a federal conviction may not advance claims that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom. United States v.

1

Perez, 129 F.3d 255, 260 (2d Cir. 1997). Cruz filed a notice of appeal with the Second Circuit following his conviction, but then failed to present any claims to the Court of Appeals, an omission which resulted in the summary dismissal of his appeal on November 6, 2003. See Mandate of the United States Court of Appeals for the Second Circuit, Nov. 6, 2003. Docket entry #28, United States v. Cruz, 01 Cr. 1200 (EDNY). Cruz therefore did not raise any claims on direct appeal to the Second Circuit, and has not explained his failure to do so in his petition. Even if Cruz could demonstrate an adequate cause for his failure to file an appellate brief explaining his grounds for appeal, he could not show that he was prejudiced by this failure because, as described in further detail below, he could not have prevailed on direct appeal on the claims presented here.

Second, Cruz's Fourth Amendment claims may not be reviewed on habeas appeal because Cruz entered an unconditional guilty plea to the charges stemming from the search which Cruz now claims was illegal. As the Second Circuit has instructed:

> It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction. Thus, after a judgment of conviction has been entered upon the defendant's plea of guilty, the defendant may not raise nonjurisdictional challenges either on direct appeal or by collateral attack under § 2255.

Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987) (internal citations omitted). Clearly, a claim that the DEA conducted an illegal search of Cruz's residence does not constitute an assertion that "the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge a federal offense," and thus does not raise a jurisdictional challenge to Cruz's convictions. Id. Accordingly, Cruz is barred from belatedly raising his

Fourth Amendment claims in this habeas petition.

Even if Cruz had not procedurally defaulted on his claims, this petition would have been dismissed on the merits. Cruz's claim that he was subjected to an illegal sentence enhancement is factually incorrect; Cruz received a sentence of 120 months because he pleaded guilty to a crime which carries a mandatory minimum sentence of 120 months. This court therefore was without authority to give Cruz a sentence below 120 months, notwithstanding the Guideline recommendation of 87 to 108 months calculated by this court at sentencing. Accordingly, this court did not enhance Cruz's sentence at all, but rather sentenced him as required by law. Cruz's Fourth Amendment claims would have fared no better on the merits. It is well-established that federal habeas corpus relief is not available on the ground that evidence produced at trial was the result of an unconstitutional search and seizure unless the petitioner was denied a full and fair opportunity to litigate the claim. See, e.g., Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991) (citing Stone v. Powell, 428 U.S. 465 (1976)). Cruz never sought to raise any Fourth Amendment claim before this court, before or after the entry of his guilty plea, and he may not do so for the first time in a § 2255 petition.

For the reasons set forth above, Cruz's petition is hereby dismissed. No certificate of appealability shall issue. The Clerk of the Court is directed to close this case, and to mail a copy of this decision to the petitioner.

SO ORDERED.

Dated: September 15, 2005  _____/s/_____
    Brooklyn, NY              Nicholas G. Garaufis
                              United States District Judge